FILED

Lagwen Hayes
707 Larch Street, Unit A
Inglewood, CA 90301
(323) 242-1161

**Defendant, In Pro Per**

2018 FEB 12 AM 11: 53

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mason Financial Services Group, Inc, | ) |
| | ) |
| Plaintiff(s), | ) Case No. |
| | ) |
| vs. | ) **CV18-01162-MWF(SSx)** |
| | ) |
| Lagwen Hayes, Does 1 to 5, | ) |
| | ) |
| Defendants | ) |
| | ) NOTICE OF REMOVAL |
| | ) |
| | ) |
| | ) |
| | ) |

TO THE CLERK OF THE ABOVE-TITLED COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE:

Please Take Notice that defendant Lagwen Hayes ("Defendant") hereby remove to this Court the above-captioned action described further below:

I.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

On December 18, 2017 Plaintiff, Mason Financial Services Group, Inc, ("Plaintiff") filed an unlawful detainer action in the Superior Court of California, County of Los Angeles, entitled:

NOTICE OF REMOVAL

Mason Financial Services Group, Inc
vs
Lagwen Hayes, Does 1 to 5

Defendant's Demurrer to the complaint for unlawful detainer was based on a defective Notice to quit. A copy of the relevant pleadings, i.e., summons, complaint, and Answer are attached hereto as "Exhibit A."

1. This removal is therefore timely because it is not barred by the provisions of 28 U.S.C. § 1446(b).

2. There are no other named Defendants in the action.

3. No previous request has been made for the relief requested.

4. The Superior Court of California for the County of Los Angeles is located within the Central District of California. Sec 28 U.S.C. § 84(c)(1). Thus, venue is proper in this Court because it is the "district and divisions embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. This Action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b). The complaint presents federal questions. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

    II.      FEDERAL QUESTION: REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1331 and §1441.

7. The complaint for Unlawful Detainer is subject to strict notice requirements.

8. Defendant filed the Demurrer to the complaint based on a 3-Day Notice, i.e., Notice to Pay Rent or Quit, that failed to comply with *Code of Civil Procedure* § 1161(2).

9. Notwithstanding said violation of *Code of Civil Procedure* § 1161(2), the Superior Court for the County of Los Angeles did not sustain the Demurrer.

10. Federal question exists because Defendant's Demurrer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law.

<u>NOTICE OF REMOVAL</u>

2

1    Wherefore Lagwen Hayes respectfully remove this action from the California Superior Court for the
2    County of Los Angeles this Court pursuant to 28 United States Code Sections 1331 and 1441.

3

4

5        Respectfully Submitted,

6

7

8

9    **Dated:** _____2-9-18_____        **By:**_____
                                              Lagwen Hayes
10                                            Pro Per

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>NOTICE OF REMOVAL</u>

# EXHIBIT A

**SUM-130**

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Lagwen Hayes                    Does 1 to 5

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Mason Financial Services Group, Inc.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 18 2017

Sherri R. Carter, Executive Officer/Clerk
By A. Allen, Deputy

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

1. The name and address of the court is:
   (El nombre y dirección de la corte es):

   **CASE NUMBER:** **(Número del caso):**  1 7 I W U D D 1 2 5 1

   Superior Court of California, County of Los Angeles, One Regent Street, Inglewood, CA 90301 Southwest

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

   Lorraine Anderson, 2728 W. 176th Street, Torrance, CA 90504, 310-515-1586, 310-515-6180 fax

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) ☑ did not ☐ did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)

| Date: | DEC 18 2017 | SHERRI R. CARTER | Clerk, by | A. ALLEN | Deputy |
|-------|-------------|------------------|-----------|----------|--------|
| (Fecha) | | | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as an occupant
   d. ☐ on behalf of *(specify):*
      under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
             ☐ CCP 415.46 (occupant)           ☐ other *(specify):*
   5. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

5

**UD-100**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Lorraine Anderson        SBN 100040<br>2728 West 176th Street<br>Torrance, CA 90504<br><br>TELEPHONE NO.: 310-515-1586    FAX NO. *(Optional):* 310-515-6180<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**DEC 18 2017**<br><br>Sherri R. Carter, Executive Officer/Clerk<br><br>By A. Allen, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: ONE REGENT STREET
MAILING ADDRESS:
CITY AND ZIP CODE: INGLEWOOD CA 90301
BRANCH NAME: SOUTHWEST

PLAINTIFF: Mason Financial Services Group, Inc.

DEFENDANT: Lagwen Hayes

[✓] DOES 1 TO 5

| COMPLAINT — UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| [✓] COMPLAINT    [ ] AMENDED COMPLAINT *(Amendment Number):* ___ | 17INUD01251 |

Jurisdiction *(check all that apply):*
[✓] ACTION IS A LIMITED CIVIL CASE
   Amount demanded [✓] does not exceed $10,000
      [ ] exceeds $10,000 but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*
   [ ] from unlawful detainer to general unlimited civil (possession not in issue)   [ ] from limited to unlimited
   [ ] from unlawful detainer to general limited civil (possession not in issue)    [ ] from unlimited to limited

1. PLAINTIFF *(name each):*
   Mason Financial Services Group, Inc.
   alleges causes of action against DEFENDANT *(name each):*
   Lagwen Hayes

2. a. Plaintiff is (1) [ ] an individual over the age of 18 years.   (4) [ ] a partnership.
          (2) [ ] a public agency.    (5) [✓] a corporation.
          (3) [ ] other *(specify):*
   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county):*
   707 Larch Street, Unit A
   Inglewood, CA 90301

4. Plaintiff's interest in the premises is [✓] as owner    [ ] other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a. On or about *(date):* May 19, 2017    defendant *(name each):*
   Lagwen Hayes

   (1) agreed to rent the premises as a [✓] month-to-month tenancy [ ] other tenancy *(specify):*
   (2) agreed to pay rent of $ 1000.00 payable [✓] monthly [ ] other *(specify frequency):*
   (3) agreed to pay rent on the [✓] first of the month [ ] other day *(specify):*
   b. This [✓] written [ ] oral   agreement was made with
      (1) [✓] plaintiff.    (3) [ ] plaintiff's predecessor in interest.
      (2) [ ] plaintiff's agent.    (4) [ ] other *(specify):*

* NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>UD-100 [Rev. July 1, 2005] | COMPLAINT—UNLAWFUL DETAINER | Page 1 of 3<br>Civil Code, § 1940 et seq.<br>Code of Civil Procedure §§ 425.12, 1166<br>www.courtinfo.ca.gov |

American LegalNet, Inc.
www.USCourtForms.com

Dec/26/2017 10:36:49 AM          KINECTA\M INGLEWOOD BRANCH\NIX 310-671-9656                          7/13

| PLAINTIFF *(Name)*: Mason Financial Services Group, Inc. | CASE NUMBER |
|---|---|
| DEFENDANT *(Name)*: Lagwen Hayes | |

6.  c.  ☑  The defendants not named in Item 6a are
       (1) ☐  subtenants.
       (2) ☐  assignees.
       (3) ☑  other *(specify)*:  all other unauthorized occupants

   d.  ☐  The agreement was later changed as follows *(specify)*:

   e.  ☑  A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless Item 6f is checked. See Code Civ. Proc., § 1166.)*
   f.  ☐  *(For residential property)*  A copy of the written agreement is not attached because *(specify reason)*:
       (1) ☐  the written agreement is not in the possession of the landlord or the landlord's employees or agents.
       (2) ☐  this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7.  ☑  a.  Defendant *(name each)*:
     Lagwen Hayes

     was served the following notice on the same date and in the same manner:
     (1) ☑  3-day notice to pay rent or quit   (4) ☐  3-day notice to perform covenants or quit
     (2) ☐  30-day notice to quit         (5) ☐  3-day notice to quit
     (3) ☐  60-day notice to quit         (6) ☐  Other *(specify)*:
   b.  (1)  On *(date)*:  November 27, 2017    the period stated in the notice expired at the end of the day.
      (2)  Defendants failed to comply with the requirements of the notice by that date.
   c.  All facts stated in the notice are true.
   d.  ☑  The notice included an election of forfeiture.
   e.  ☑  A copy of the notice is attached and labeled Exhibit 2.  *(Required for residential property. See Code Civ. Proc., § 1166.)*
   f.  ☐  One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a-e and 8 for each defendant.)*

8.  a.  ☑  The notice in Item 7a was served on the defendant named in Item 7a as follows:
     (1) ☐  by personally handing a copy to defendant on *(date)*:
     (2) ☐  by leaving a copy with *(name or description)*:
        a person of suitable age and discretion, on *(date)*:     at defendant's
        ☐ residence  ☐ business  AND mailing a copy to defendant at defendant's place of residence on *(date)*:    because defendant cannot be found at defendant's residence or usual place of business.
     (3) ☑  by posting a copy on the premises on *(date)*:  Nov. 22, 2017    ☑  AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on *(date)*:  November 22, 2017
        (a) ☐  because defendant's residence and usual place of business cannot be ascertained OR
        (b) ☐  because no person of suitable age or discretion can be found there.
     (4) ☐  *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date)*:
     (5) ☐  *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written commercial lease between the parties.
   b.  ☐  *(Name)*:
     was served on behalf of all defendants who signed a joint written rental agreement.
   c.  ☐  Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
   d.  ☑  Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

**COMPLAINT—UNLAWFUL DETAINER**                      Page 2 of 3

| PLAINTIFF (Name): Mason Financial Services Group, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT(Name): Lagwen Hayes | |

9.  ☐  Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. ☑  At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ 4000.00
11. ☑  The fair rental value of the premises is $ 33.33    per day.
12. ☐  Defendant's continued possession is malicious; and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 12.)
13. ☑  A written agreement between the parties provides for attorney fees.
14. ☐  Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):



        Plaintiff has met all applicable requirements of the ordinance.

15. ☐  Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.
17. PLAINTIFF REQUESTS
    a.  possession of the premises.
    b   costs incurred in this proceeding:
    c.  ☑  past-due rent of $ 4000.00
    d.  ☑  reasonable attorney fees.
    e.  ☑  forfeiture of the agreement.

    f.  ☑  damages at the rate stated in item 11 from (date): December 1, 2017    for each day that defendants remain in possession through entry of judgment.
    g.  ☐  statutory damages up to $600 for the conduct alleged in item 12.
    h.  ☑  other (specify):

        For such other and further relief as the court deems just and proper.

18. ☑  Number of pages attached (specify):  10

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

19. (Complete in all cases.) An unlawful detainer assistant ☑ did not ☐ did  for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)

    a.  Assistant's name:
    b.  Street address, city, and zip code:

    c.  Telephone No.:
    d.  County of registration:
    e.  Registration No.:
    f.  Expires on (date):

Date:  December 6, 2017

Lorraine Anderson
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

### VERIFICATION

(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  December 6, 2017

See Attached
_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF PLAINTIFF)

8

1

Lagwen Hayes
707 Larch Street, Unit A
Inglewood, CA 90301
(310) 242-1161

**Defendant, In Pro Per**

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**DEC 27 2017**

Sherri R. Carter, Executive Officer/Clerk
By A. Allen, Deputy

2

3

4

5

6

7

8

9

0

1

2

3

4

5

6

7

8

9

0

1

2

3

4

5

6

7

8

**THE SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

|  |  |
|---|---|
| MASON FINANCIAL SERVICES GROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LAGWEN HAYES, DOES 1 to 5, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 17IWUD01251 <br><br> NOTICE OF DEMURRER; AND DEMURRER TO UNLAWFUL DETAINER ACTION <br><br> Date: January 29, 2018 <br> Time: 8:30 AM <br> Dept: 8 <br><br> *Notice of Submission Without Appearance* |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 29, 2018, at 8:30 AM/PM, or soon thereafter, as the

matter may be heard in Dept. 8, of the above-referenced Court, located at 1 Regent Street, Inglewood, CA

90301. Defendant Lagwen Hayes, will and does hereby move the Court for an order sustaining the Unlawful

Detainer Complaint filed by Plaintiff without leave to amend.

The demurrer is made pursuant to Civil Code of Procedure Section 170 on the grounds that the 3-day

notice served by Plaintiff is defective as it does not contain the information required by Civil Code of Procedure

Demurrer

9